**HILL, Exr. v McMILLEN, et**

Probate Court, Tuscarawas Co.

Decided July 12. 1939

J. R. Hill, of New Philadelphia, for plaintiff.

Ralph Kinsey, Dennison, for Twin City Hospital and Moravian Church.

Paul M. Reed, Urichsville, for Clyde E. McMillen.

Scott Harrison, Uhrichsville, for Linna L. Deems.

**OPINION**

By LAMNECK, J.

This is an action to construe the will and the codicils to the will of Fannie V. McMillen Scott, deceased, who died on March 7, 1935.

On April 25, 1935, J. R. Hill was appointed executor of her estate. Her will was executed on November 7, 1931. Codicil No. 1 was executed on March 12, 1932 and codicil No. 2 on August 23, 1933. The will and codicils as admitted to probate on April 25, 1935, include the following money bequests:

1. To the Monument and Cemetery Association of Gnadenhutten, Tuscarawas county, Ohio, in trust, the income to be used to place plants and flowers on certain graves specified in the will, $500.

2. To a niece, Linna L. Deems, $1,000.

3. To a great-nephew, Gerard W. Gross, $1,000.

4. To a step-son, Clyde E. McMillen, $300.

5. To each of three nieces, $100.

The controversy arises over the provisions of item IX of the will, which reads as follows:

"In the event that the remainder of my estate exceeds Five Thousand Dollars, I give and bequeath to The Moravian Church, located at Uhrichsville, Ohio, in memory of my mother, Malinda Gross, and to The Twin City Hospital, located in Dennison, Ohio, in memory of my father, Benedict Gross, each, the sum of Five Hundred Dollars ($500), in cash. Said legacies to be expended by the trustees of each organization as they in their discretion may deem fit and proper. In the event that the said remainder of my estate does not exceed Five Thousand Dollars ($5,000), I direct that same may be distributed as provided in the following item of this will."

After the making of said will and codicils the said Fannie F. McMillen Scott married John E. Scott, who survived said testatrix. As no provision was made for him in the will, he elected not to take under the will, and an allowance of $2,488 in money in lieu of property not deemed assets under the provisions of §10509-54, GC was made to him by the appraisers of the estate.

The executor made a settlement with the widower in the um of $2,000 in lieu of his intestate share.

Because the widower elected not to take under the will, the amount to be distributed under items 9 and 10 of the

will, if the other bequests were paid in full, would amount to less than $5,000, including 10 shares of Citizens Building and Loan Company stock appraised at $350.

If the widower had elected to take under the will, the amount that would have been distributed under items 9 and 10 of the will would have amounted to over $5,000 including 10 shares of Citizens Building and Loan Company stock appraised at $350.

The first question that presents itself is whether the Moravian Church of Uhrichsville, Ohio, and The Twin City Hospital of Dennison, Ohio, are entitled to any share of the estate.

In **41 O. Jur., §849,** we find the following:

"On the election of a widow to reject the provisions made for by her husband's will and to take under the law, devisees and legatees whose interests are diminished by reason of such election on the part of the widow are entitled to contributions from the other devisees and legatees named in the will."

Likewise, in 28 Ruling Case Law, Section 326, it is held that, "on the election of a widow to reject the provisions made for her by her husband's will and to take instead her distributive share under the intestate law, devisees whose interests are diminished by reason of such election on the part of the widow, are entitled to contributions from the other legatees and devisees named in the will."

In the case of **Jenning v Jenning, 21 Oh St 56,** it was held; "when the widow elects to take her dower instead of under the will, the devisees who are thereby prejudiced are equitably entitled to compensation out of the rejected provisions made for her in the will." While this latter case is not exactly in point, it throws some light on the question involved in this case.

In the case at bar, it is clear that if the widower had elected to follow the will, the bequest to the Twin City Hospital of Dennison and the Moravian

Church of Uhrichsville would have been paid in full. Instead of having their shares diminished by the action of the widower, it has the effect of wiping the bequests out entirely unless they are entitled to contributions. Since the testatrix did not contemplate such a situation, it would be unequitable to hold that they are not entitled to contributions.

From the decisions above set forth, and by the weight of authority, the court is of the opinion that the Twin City Hospital and the Moravian Church are entitled to contributions from the other legatees named in the wil to compensate them for the loss which they sustained by reason of the widower's electing to take under the law.

The question then remains as to whether or not all the legatees should correspondingly contribute or whether the residuary legatees should bear the whole loss.

In 69 Corpus Juris at page 1145, it is held that "the effect of renunciation of provisions of a will by a spouse and taking under the statute is to reduce the estate available for the payment of legacies and **where the residuary clause is in general terms, the loss falls upon the residuary devisee or legatee,** where the testator does not otherwise provide."

In 28 Ruling Case Law at Section 326, this comment is found: "In some jurisdictions the rule is established that **the residuary estate must bear the whole loss caused to the beneficiaries by the widow's election to take against the will, and can not share it with specific legacies if there remains enough to pay the latter, unless there is a plain intention in the will that the residuary legatee is a prefered object of the testator's bounty."**

It is the court's opinion that it was the testatrix's intention to give at least $4,000 to her residuary legatees, because the Moravian Church of Uhrichsville and the Twin City Hospital of Dennison were not to be given $500 each unless the remainder of the estate

after the payment of $3,100 in legacies amounted to $5,000, as provided in item 9 of the will. In view of this provision of the will, it appears to be clear that the residuary clause is not general but that there is a plain intention in the will to make the residuary legatees preferred objects of the testatrix's bounty. In fact, they were preferred over the bequest to the Twin City Hospital of Dennison and the Moravian Church of Uhrichsville by its plain provisions, and it would be contrary to the testatrix's intention to take any share allotted to the Twin City Hospital and the Moravian Church wholly out of the residuary estate.

To place all legatees named in the will on the same basis is the only way to carry out the intention of the testatrix insofar as possible and do equity to all persons named in the will. To do this, the court is of the opinion that the will should be construed to mean that the residuary legatees were given general bequests in the sum total of $4,000 and that the Moravian Church of Uhrichsville and the Twin City Hospital of Dennison were each given a general bequest of $500.

It will therefore be ordered that the will and codicils be construed to include general bequests as follows:

| | |
|---|---:|
| The Monument & Cemetery Association of Gnadenhutten, under item 5 | $ 500.00 |
| Linna L. Deems, under codicil No. 2 | 1,000.00 |
| Gerard W. Gross, under codicil No. 2 | 1,000.00 |
| Clyde E. McMillen, under codicil No. 2 | 300.00 |
| Katherine Hamilton, under item 8 of will | 100.00 |
| Margaret Dugan, under item 8 of will | 100.00 |
| Betty Rose Gross, under item 8 of will | 100.00 |
| Twin City Hospital, under item 9 of will | 500.00 |
| Moravian Church of Uhrichsville, under item 9 of will | 500.00 |
| Frank Gross, under item 10 of will | 1,000.00 |
| Clyde E. McMillen, under item 10 of will | 1,000.00 |
| Charles A. List, under item 10 of will | 333.33 |
| F. Max List, under item 10 of will | 333.33 |
| Linna L. Deems, under item 10 of will | 333.33 |
| Gerard W. Gross, under item 10 of will | 500.00 |
| Mildred W. Gross, under item 10 of will | 500.00 |